**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

In re:

BOATHOUSE OYSTER BAR, INC.

Debtor.
_______________________________/

Case No.: 26-31011-JCO

Chapter 11

**FOX FUNDING GROUP LLC'S MOTION FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY TO PERMIT NEGOTIATION OF GARNISHEE'S OFFICIAL CHECK AND APPLICATION OF PROCEEDS**
**AND MEMORANDUM OF LAW IN SUPPORT**

Fox Funding Group, LLC ("Movant"), by and through its undersigned counsel, for its Motion for Limited Modification of the Automatic Stay to Permit Negotiation of Garnishee's Official Check and Application of Proceeds and Memorandum of Law in Support states as follows:

**INTRODUCTION**

Movant seeks limited relief from the automatic stay to negotiate, deposit, and apply the proceeds of an official bank check issued by Hancock Whitney Bank (the "Bank") on September 24, 2026, in satisfaction of a pre-petition Final Judgment of Garnishment against Boathouse Oyster Bar, Inc. (the "Debtor/Merchant"). The garnishment lien attached, the Bank answered, and the state court entered final judgment before the Petition Date. Although Movant received the Check after the bankruptcy case was filed, the Check was issued and funded prepetition. Movant has

refrained from negotiating the Check and comes before this Court first to obtain authorization to deposit it and apply the proceeds as a credit against the outstanding pre-petition judgment, without prejudice to the parties' respective rights concerning ownership or avoidance of the funds.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference Regarding Title 11 entered by the United States District Court for the Northern District of Florida. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G), as it concerns the administration of the bankruptcy estate and modification of the automatic stay.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and procedural bases for the relief requested are 11 U.S.C. § 362(d)(1) and (2), Federal Rules of Bankruptcy Procedure 4001(a) and 9014, and N.D. Fla. LBR 4001-1.

## BACKGROUND

4. On or about November 10, 2025, Movant and Boathouse Oyster Bar, Inc. ("Debtor/Merchant") entered into a Future Receivables Sale and Purchase Agreement (the "Agreement"). Melissa L Schofield, (the "Guarantor") guaranteed the Debtor's performance of its obligations under the Agreement. A true and correct copy of the Agreement and guaranty is attached as **Exhibit A**.

5. Under the Agreement, Movant purchased 8.21% of the Debtor's future receivables, up to a purchased amount of $497,000.00, for a purchase price of $350,000.00.

6. Under the Agreement, the Debtor granted Movant a security interest in, among other things, all accounts and proceeds as those terms are defined in the Uniform Commercial Code.

7. Movant perfected its security interest by filing a UCC-1 Financing Statement with the Florida Secured Transaction on January 21, 2026, File No. 202600195872. A copy is attached as **Exhibit B**.

8. The Debtor defaulted under the Agreement on or about January 31, 2026, by, among other things, failing to remit the purchased Reciepts, closing its bank account without proper notice, and failing to provide proper financial disclosures or complying with a reconciliation request.

9. On May 1, 2026, the Circuit Court in and for Broward County, Florida, entered a default final judgment in favor of Movant and against the Debtor and the Guarantor, jointly and severally, in the amount of $430,303.38 (the "Judgment"), in Case No. 26001986 the "State Court Action"). A copy is attached as **Exhibit C**.

10. On June 3, 2026, Movant moved for a writ of post-judgment garnishment directed to the Bank **(Exhibit D)**, alleging that the Bank held accounts and other property of the Debtor and the Guarantor. The Clerk issued the writ on

June 3, 2026, and Movant served it on the Bank on June 18, 2026 (the "Writ") (**Exhibit E**). Service of the Writ created a lien on the Debtor's deposits in the Bank's possession or control pursuant to Fla. Stat. § 77.06(1).

11. On July 2, 2026, the Bank served its answer, stating that it was holding $83,079.21 from a deposit account(s) ending in xx-xxx6205 pursuant to the Writ (the "Garnished Funds") (**Exhibit F**).

12. On September 15, 2026, the Circuit Court entered a Final Judgment of Garnishment against the Bank, as garnishee, in the amount of $83,079.21 (the "Garnishment Judgment"). *See* Fla. Stat. § 77.083. A copy is attached as **Exhibit G**.

13. In satisfaction of the Garnishment Judgment, the Bank issued Cashier's Check No. 726920681, dated September 24, 2026, drawn by the Bank payable to Movant, in the amount of $83,079.21 (the "Check"). The Check identifies the Debtor as "remitter." A copy is attached as **Exhibit H**. Movant received the check after the Petition Date, on October 5, 2026.

14. On September 25, 2026 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as debtor in possession under 11 U.S.C. §§ 1107 and 1108.

## **RELIEF REQUESTED**

15. Movant requests entry of an order, substantially in the form of the proposed order submitted pursuant to N.D. Fla. LBR 9072-1:

a. modifying the automatic stay under 11 U.S.C. § 362(d) to permit Movant to negotiate, deposit, present, and collect the Check, and to apply its proceeds to the Debtor's obligations to Movant;

b. as a term of the modification, providing that negotiation of the Check and application of its proceeds are authorized by the Court for purposes of 11 U.S.C. § 549(a)(2)(B);

c. providing that the order is without prejudice to, and is not a determination of, whether the Check, the Garnished Funds, or their proceeds are property of the estate, and preserving all parties' rights and defenses, including any claims under chapter 5 of the Bankruptcy Code;

d. providing that the stay otherwise remains in effect; and

e. waiving the 14-day stay of Fed. R. Bankr. P. 4001(a)(4).

16. The grounds for the relief requested and the authorities supporting it, are set forth in the Memorandum of Law incorporated below.

## MEMORANDUM OF LAW

## APPLICABLE LEGAL STANDARD

The automatic stay generally prohibits, among other things, enforcement against a debtor or property of the estate of a prepetition judgment, acts to obtain possession of or exercise control over property of the estate, and acts to collect a prepetition claim against the debtor. 11 U.S.C. § 362(a)(2), (3), (6).

Section 362(d)(1) provides that, upon request of a party in interest and after notice and a hearing, the Court shall grant relief from the automatic stay for cause, including the lack of adequate protection of an interest in property. 11 U.S.C. § 362(d)(1).

In *Disciplinary Board of the Supreme Court of Pennsylvania v. Feingold (In re Feingold)*, 730 F.3d 1268, 1276–77 (11th Cir. 2013), the Eleventh Circuit explained that the Bankruptcy Code does not define "cause" and that the determination must be made on a case-by-case basis under the totality of the circumstances. The Court identified relevant considerations including whether the debtor acted in bad faith, the hardships imposed on the parties considering the overall purposes of the Bankruptcy Code, and the existence of pending proceedings in another forum. *Id.* at 1277. The Eleventh Circuit further recognized that there is no exhaustive list of factors governing the determination.

Similarly, in *State Farm Florida Insurance Co. v. Carapella (In re Gaime)*, 17 F.4th 1349, 1355 (11th Cir. 2021), the Eleventh Circuit recognized that the bankruptcy court must consider the benefits and burdens of granting stay relief in determining whether cause exists. The inquiry requires consideration of the circumstances and the effect of the requested relief on the bankruptcy case and the parties.

Accordingly, the Court may grant limited relief under § 362(d)(1) where the totality of the circumstances establishes that the requested action is appropriately confined, the movant has a substantial prepetition interest, and the balance of hardships favors modification of the stay.

Section 362(d)(2) provides that the Court shall grant relief from the automatic stay with respect to an act against property if (A) the debtor does not have an equity in such property and (B) such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). The movant bears the burden of proof on the issue of the debtor's equity in the property, while the party opposing relief bears the burden of proof on all other issues. 11 U.S.C. § 362(g). The equity inquiry requires consideration of the value of the relevant property and the claims or interests encumbering it. Where the property is subject to a valid lien or other enforceable interest substantially equal to or exceeding its value, the debtor may have no equity in that property. The Court must separately determine whether the property is

necessary to an effective reorganization; the fact that property has no equity does not, standing alone, establish that it is unnecessary to reorganization.

## ARGUMENT

### I. Cause Exists to Modify the Automatic Stay Under 11 U.S.C. § 362(d)(1)

In *In re Feingold*, 730 F.3d 1268, 1276–77 (11th Cir. 2013), the Eleventh Circuit held that cause under § 362(d)(1) must be determined from the totality of the circumstances, including the hardships imposed on the parties and the effect of the requested relief on the purposes of the Bankruptcy Code. The Court emphasized that the inquiry is fact-specific and does not require satisfaction of a rigid or exhaustive list of factors. *Id.* at 1277. In *In re Gaime*, 17 F.4th 1349, 1355 (11th Cir. 2021), the Eleventh Circuit likewise recognized that the bankruptcy court must weigh the benefits and burdens of modifying the stay.

Florida Statutes § 77.06(1) provides that service of a writ creates a lien on qualifying debts and property in the garnishee's possession or control, while § 77.083 provides for judgment against the garnishee in the amount of its established liability. Fla. Stat. §§ 77.06(1), 77.083. Here, the state court entered that judgment before bankruptcy, and the Bank issued the check in satisfaction of it. These circumstances weigh in favor of allowing Movant to complete collection of the funds, subject to appropriate safeguards preserving the rights of the estate and other interested parties.

The reasoning of *In re Harrington*, 70 B.R. 301 (Bankr. S.D. Fla. 1987), further supports granting relief because the timing and legal effect of the prepetition garnishment lien are central to determining whether the later payment represents an avoidable transfer. Under 11 U.S.C. § 547(b), a trustee or debtor in possession may seek to avoid a qualifying transfer made within the applicable preference period, subject to the statute's elements and defenses. In *Harrington,* the court concluded that the lien attached upon service of the writ and that **subsequent later** payments in compliance with the final judgment garnishment order did not change the date of the transfer, even if those subsequent payments were transferred within the preference period. Ultimately, the court relied on the Florida Supreme Court case of *Florida East Coast Railway Co. v. Consolidated Engineering Co.,* 95 Fla. 99, 116 So. 19 (1928), where

> "it was determined that the date of service upon a garnishment writ established a lien by the creditor. The Court held that, even if payment of the writ occurred during the preference period, the lien related back to the initial service of the writ." *Id.* at 304.

Applying those principles, the circumstances here establish cause for the limited relief requested. Here, the writ was served on June 18, 2026, approximately 99 days before the Petition Date, and therefore outside the preference period. Thus, under *Harrington* and Florida garnishment law, the relevant transfer of the arose when the writ was served and the lien attached, rather than when the Bank later issued or delivered the check in satisfaction of the Garnishment Judgment. On that

reasoning, even if the check had been delivered to and deposited by Movant on September 24, 2026 (*in which case this motion would not need to be filed*), the payment from the check would be considered to have arisen outside the preference period, when the writ was served on June 18, 2026, approximately 99 days before the Petition Date. The later check would represent collection of a preexisting garnishment interest. This supports Movant's contention that allowing the check to be negotiated is unlikely to prejudice the estate. Permitting recovery of a transfer that was already protected by the prepetition garnishment lien and unable to be clawed back by Debtor later, even assuming the funds are property of the estate, presents little to no prejudice. *In re Gaime*, 17 F.4th 1349, 1355 (11th Cir. 2021)

These facts answer the concern that gave the court pause in *Ameron Protective Coatings Division v. Georgia Steel, Inc. (In re Georgia Steel, Inc.)*, 25 B.R. 781, 789–90 (Bankr. M.D. Ga. 1982), which observed that the fact that the lien was not preferential eased the Court's concern over lifting the automatic stay. The Court in *Georgia Steel e*xplained that it would be hesitant to allow the creditor to use of the funds if they were only to be reclaimed later as a preferential transfer, which is not the case here. *Id.* at 789 n.11.

The balance of hardships also favors the requested limited relief. Movant holds a judgment for $430,303.38, while the check represents only $83,079.21 toward that obligation, leaving approximately $347,224.17 unpaid before

accounting for any additional interest, costs, or payments. Continued restraint would prevent Movant from collecting a check issued in satisfaction of a final prepetition garnishment judgment, while the requested relief would permit collection of only the identified fund and would not authorize further enforcement against the Debtor or other estate property.

Further, the state-court proceedings were completed before bankruptcy. The state court had already adjudicated the Bank's liability and entered its Final Judgment of Garnishment before the Petition Date. Under Florida law, service of the writ created a lien on qualifying deposits in the Bank's possession or control. Fla. Stat. § 77.06(1). The subsequent judgment established the *Bank's* liability for the garnished amount. Fla. Stat. § 77.083.

Finally, the *Feingold* factors do not require Movant to establish that the Debtor acted in bad faith. Movant does not rely on an unsupported allegation of bad faith; rather, the decisive circumstances are the completed prepetition garnishment proceedings, the final judgment against the Bank, the issuance of the check before bankruptcy, the prepetition attachment of the garnishment lien, and the limited nature of the relief requested.

Furthermore, because Movant holds a non-preference period lien on the funds, they are Movant's cash collateral, and the Debtor may not use them without Movant's consent or a court order providing adequate protection. 11 U.S.C. § 363(a), (c)(2),

(e). Courts in this Circuit apply these restrictions specifically to garnished funds. Funds subject to a garnishment lien are cash collateral, because they are cash in which the garnishing creditor has an interest by virtue of its lien; the estate therefore cannot use them without the creditor's consent or a court order providing adequate protection, and the court may condition any use on adequate protection under § 363(e). *In re Johnson*, 479 B.R. 159, n.56 (Bankr. N.D. Ga. 2012). Those restrictions apply until the garnishment lien is avoided. *Id.* And, here Movant's lien cannot be avoided. *See* Part III.A The existence of this prepetition interest provides additional cause for limited relief under § 362(d)(1),

## II. The Debtor Has No Equity in the Garnished Fund, and the Funds Are Not Necessary to an Effective Reorganization Under 11 U.S.C. § 362(d)(2)

Section 362(d)(2) requires relief from the automatic stay with respect to an act against property if the debtor has no equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

In *Ameron Protective Coatings Division v. Georgia Steel, Inc. (In re Georgia Steel, Inc.)*, 25 B.R. 781, 789 (Bankr. M.D. Ga. 1982), the bankruptcy court granted relief from the stay after determining that the garnishing creditor had established its entitlement to the entire garnished fund. The court concluded that the creditor had met its burden by demonstrating its right to the fund, leaving no equity for the debtor, and that neither the debtor nor the garnishee had established a sufficient reason to

continue the stay. Although *Georgia Steel* applied Georgia law, its reasoning is consistent with the relevant Florida garnishment statutes, which provide that service of a writ creates a lien on qualifying debts and property in the garnishee's possession or control and that judgment against the garnishee is entered for the amount of its liability. Fla. Stat. §§ 77.06(1), 77.083.

The same reasoning supports relief here. The original Final Judgment against the Debtor and Guarantor is $430,303.38. The garnished amount of $83,079.21 represents only partial satisfaction of that judgment, leaving an unpaid balance of approximately $347,224.17 before accounting for any additional interest, costs, or payments. The Bank admitted in its garnishment answer that it was indebted to the Debtor in the amount of $83,079.21, and the state court entered a Final Judgment of Garnishment against the Bank entirely for Movant, for that amount before the Petition Date. The Bank thereafter issued the Check in satisfaction of that judgment. Movant therefore asserts a prepetition lien and an adjudicated right to the specific fund. Consistent with *Georgia Steel*, the Court should determine the Debtor's equity in the fund by considering Movant's lien and the prepetition Final Judgment of Garnishment. To the extent Movant's lien and judgment exhaust the value of the funds, the Debtor has no equity in it for purposes of § 362(d)(2).

It is Debtor's burden to demonstrate if the funds are necessary to an effective reorganization. If the Debtor cannot establish that the funds are necessary to an

effective reorganization, and the Court determines that Movant's lien exhausts the Debtor's equity in the funds, the requirements of § 362(d)(2) are satisfied.

## **CONCLUSION**

Movant respectfully requests that this Court enter an order (a) granting limited relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and, to the extent established, § 362(d)(2); (b) authorizing Movant to negotiate, deposit, present, and collect Official Check No. 726920681, dated September 24, 2026, in the amount of $83,079.21, and apply the proceeds toward the Debtor's outstanding obligations to Movant; (c) expressly providing that the limited transaction authorized by the Court constitutes court authorization for purposes of 11 U.S.C. § 549(a)(2)(B), to the extent applicable; (d) providing that the order does not determine ownership of the Check or its proceeds, adjudicate any potential avoidance or recovery claims, or prejudice any party's rights and defenses under the Bankruptcy Code; (e) Providing that all provisions of the automatic stay not expressly modified by the Court's order remain in full force and effect; (f) waiving the fourteen-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(4); and (g) granting such other and further relief as the Court deems just and proper.

## **CERTIFICATE OF CONFERENCE**

Pursuant to N.D. Fla. LBR 9013-1(A)(2), undersigned counsel certifies that before filing this Motion, counsel conferred in good faith on October 28, 2026,

with counsel for the Debtor, Boathouse Oyster Bar, Inc., in an effort to resolve the issues raised in this Motion by agreement. Counsel exchanged several emails over the course of four business days during which Movant and Debtor's counsel proposed terms for resolving the Motion. As of the filing of this Motion, Debtor's counsel and Movant have not come to an agreement to resolve the issues raised in this Motion, and Movant therefore files this Motion to preserve its rights while continuing to negotiate an agreement.

## CERTIFICATE OF WORD COUNT

Pursuant to N.D. Fla. LBR 9013-1(D) and N.D. Fla. Loc. R. 7.1(F), I certify that this Motion contains 3,290 words, excluding the case style, signature block, and certificate of service, as counted by the word-processing system used to prepare it.

Dated: November 4, 2026

Respectfully submitted,

*/s/ Niki Sturm*

Niki Sturm, Esq.
Florida Bar No. 1033485
P.O. Box 247
Grass Lake, MI 49240
(248) 462-7111
nsturm@kaminskilawpllc.com

*Counsel for Fox Funding Group, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2026, a true and correct copy of the foregoing Motion for Modification of Stay as to Boathouse Oyster Bar, Inc. was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all parties registered to receive electronic service, including those listed below, and was furnished by U.S. Mail, first-class postage prepaid, to the Debtor and all creditors and parties in interest on the Court's mailing matrix as listed on the Service List below.

*/s/ Niki Sturm*

## SERVICE LIST

**Via CM/ECF:**

Robert C. Bruner, Esq. (rbruner@brunerwright.com)
Byron Wright, III, Esq. (twright@brunerwright.com)
Bruner Wright, P.A.
*Counsel for Debtor*

Daniel Etlinger, Esq. (detlinger@underwoodmurray.com)
*Subchapter V Trustee*

Jason H. Egan, Esq. (jason.h.egan@usdoj.gov)
Office of the United States Trustee (USTPRegion21.TL.ECF@usdoj.gov)

Robert James Powell, Esq. (rpowell@moorheadlaw.com)
*Counsel for Community Bank of Mississippi*

Jodi Daniel Dubose, Esq. (jdubose@srbp.com)
*Counsel for Claude Enterprises, LLC*

**Via U.S. Mail:**

Boathouse Oyster Bar, Inc.
PO Box 62
Destin, FL 32540-0062

Atlas Acquisitions LLC
492C Cedar Lane, Suite 442
Teaneck, NJ 07666-1713

Airgas USA LLC
2015 Vaughn Rd NW, Suite 400
Kennesaw, GA 30144-7802

Chris Schofield
304 Blue Marlin Court
Destin, FL 32541-5525

Clearfund Solutions
99 Wall Street, Suite 2613
New York, NY 10005-4301

Community Bank of Mississippi
732 Howard Avenue
Biloxi, MS 39530-3820

Department of the Treasury
Internal Revenue Service
P.O. Box 621505
Atlanta, GA 30362-3005

Florida Dept. of Labor/Employment Security
c/o Florida Dept. of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399-0120

Freedom Law Group
2001 L Street NW, Suite 500
Washington, DC 20036-4955

Highland Hill Capital LLC
1100 Park Central Blvd. S., Suite 1200
Pompano Beach, FL 33064-2211

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service, CIO
P.O. Box 7346
2970 Market Street
Philadelphia, PA 19104-5002

Larchmont Capital
503 N. Larchmont Blvd.
Los Angeles, CA 90004

Melissa Schofield
304 Blue Marlin Court
Destin, FL 32541-5525

ODK Capital LLC
4700 W. Daybreak Parkway, Suite 200

Secretary of the Treasury
U.S. Treasury Department

South Jordan, UT 84009-5133

15th & Pennsylvania Ave.
Washington, DC 20220-0001

U.S. Bank NA dba Elan Financial Services
Bankruptcy Department
PO Box 108
Saint Louis, MO 63166-0108

U.S. Securities & Exchange Commission
Atlanta Reg. Office and Reorg.
950 E. Paces Ferry Rd. NE, Suite 900
Atlanta, GA 30326-1382

U.S. Small Business Administration
200 W. Santa Ana Blvd., Suite 740
Santa Ana, CA 92701-7534

United States Attorney General
Office of the Attorney General
Main Justice Bldg., Rm. 511
Tenth & Constitution
Washington, DC 20530-0001

United States Attorney's Office
111 North Adams Street, 4th Floor
Tallahassee, FL 32301-7730