**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:

BOATHOUSE OYSTER BAR, INC.,

Debtor.
_______________________________/

CASE NO.: 26-31011-MWC
CHAPTER 11

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT BETWEEN THE DEBTOR AND FOX FUNDING GROUP, LLC**

Notice of Opportunity to Object and for Hearing

Pursuant to Local Rule 2002-2, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the proof of service plus an additional three (3) days for service if any party was served by U.S. Mail, or such other period as may be specified in Fed. R. Bankr. P. 9006(f).

If you object to the relief requested in this paper, you must file an objection or response electronically with the Clerk of the Court or by mail at 110 E. Park Avenue, Suite 100, Tallahassee, FL 32301, and serve a copy on the movant's attorney, Bruner Wright, P.A., at 2868 Remington Green Circle, Suite B, Tallahassee, FL 32308, and any other appropriate person with the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

BOATHOUSE OYSTER BAR, INC. ("Debtor"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105(a), 1107(a), and 1108 and Federal Rule of Bankruptcy Procedure 9019(a), moves for entry of an order approving a compromise and settlement with Fox Funding Group, LLC ("Fox" or "Fox Funding Group") concerning funds subject to a prepetition garnishment and related claims (the "Settlement"). In support, the Debtor states:

## I. GENERAL BACKGROUND

1. On September 25, 2026, the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code in this Court.

2. The Debtor continues to manage its property and affairs as debtor in possession under 11 U.S.C. §§ 1107(a) and 1108.

3. Prior to the Petition Date, Fox obtained a judgment against the Debtor and pursued garnishment proceedings involving Hancock Whitney Bank.

4. Hancock Whitney Bank issued a check to Fox in the amount of $83,079.22 in connection with the garnishment (the "Garnished Funds").

5. Fox maintains that its garnishment lien attached upon service of the writ on Hancock Whitney Bank prior to the Petition Date. The Debtor disputes the extent to which Fox may retain the Garnished Funds and has asserted that the prepetition lien or transfer may be avoidable as a preference. Fox disputes that contention and asserts potential rights in cash collateral. Neither party concedes the other's legal position.

6. The Debtor and Fox instead engaged in negotiations to avoid litigation over stay relief, the garnishment, the asserted lien, and potential avoidance claims.

## II. TERMS

7. The $83,079.22 Garnished Funds shall be divided equally: $41,539.61 (50%) to the Debtor (payable to its counsel's trust account) and $41,539.61 (50%) to Fox. To the extent necessary to effectuate the division, the parties shall endorse, deposit, or replace the check and cooperate in disbursement, subject to the Court's order and applicable bank requirements. Neither party may retain more than its agreed share.

8. Fox shall hold an allowed general unsecured claim in the Debtor's chapter 11 case in the amount of $388,763.77, which is the pre-petition judgment amount less

$41,539.61. The claim shall not be treated as secured by the Garnished Funds or any lien arising from the garnishment. Any proof of claim filed by Fox shall be deemed amended, if necessary, to conform to the allowed amount and unsecured classification provided herein. The claim shall receive the treatment applicable to allowed general unsecured claims under the Debtor's confirmed plan, except as otherwise expressly approved by the Court.

9. In consideration of Fox's obligations under this Settlement, and effective upon the Court's approval and completion of the distributions contemplated herein, the Debtor, on behalf of itself and its bankruptcy estate, along with its owner Melissa Schofield, fully and finally releases Fox Funding Group and its successors and assigns from any and all claims, demands, causes of action, and liabilities, whether known or unknown, that the Debtor or estate has or may have against Fox arising on or before the effective date of the Settlement, including claims arising from the judgment, garnishment, asserted lien, check, and any potential avoidance or recovery action concerning the Garnished Funds. This release does not excuse performance of this Settlement and does not purport to release claims belonging to third parties.

10. Fox fully and finally releases the Debtor's from all claims, demands, liabilities, and causes of action, known or unknown, that Fox has or may have against it arising on or before the effective date of this Settlement, other than the unsecured claim as described in paragraph 8 of this Settlement. Fox's release of the Debtor shall become effective upon the Court's approval of the Settlement and completion of the agreed distributions.

11. Fox fully and finally releases Melissa Schofield, the Debtor's principal, from all claims, demands, liabilities, and causes of action, known or unknown, that Fox has or may have against her arising on or before the effective date of this Settlement, including any personal liability relating to the Debtor's debt, judgment, or garnishment. Fox's release of Melissa Schofield shall become effective upon the Court's approval of the Settlement and completion of the agreed distributions, regardless of whether a separate settlement agreement is prepared.

12. Fox shall vote its allowed $388,763.77 general unsecured claim in favor of the Debtor's chapter 11 plan by timely submitting a ballot accepting the plan in accordance with the Court-approved solicitation and voting procedures. Fox shall not withdraw or change its accepting ballot, or object to confirmation, provided the plan treats Fox's claim as specified herein and does not materially alter Fox's bargained-for rights under the Settlement.

13. The Settlement is intended to fully resolve disputes between the Debtor and Fox concerning the judgment, garnishment, Garnished Funds, and related claims, without an admission of liability or avoidability. The complete and operative settlement terms are set forth in paragraphs 7 through 13 of this Motion; the parties will not prepare or execute a separate settlement agreement.

14. The parties request that the Court approve the Settlement on the express terms of this Motion. The Settlement shall become binding between the Debtor and Fox upon entry of an order approving it, with releases effective as specified above. Any material modification shall require written agreement of the affected parties and further Court approval to the extent required by law.

## III. MEMORANDUM OF LAW

14. Federal Rule of Bankruptcy Procedure 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement.

15. The Eleventh Circuit Court of Appeals has promulgated the following test for approval of a settlement:

a. The probability of success in litigation;

b. The difficulties, if any, to be encountered in the matter of collection;

c. The complexity of the litigation involved and the expense, inconvenience, and delay associated therewith; and

d. The interest of the creditors and a proper deference to their reasonable views regarding the matter.[1]

16. Pursuant to the standard set forth in *Justice Oaks II*, the Settlement Agreement between the Parties should be approved by this Court.

17. The Parties recognize the high costs of litigation and their respective probabilities of success.

18. The Debtor submits that this Agreement is in the best interests of the Debtor's estate and its creditors.

19. As a result of this Agreement, the parties will save time and money on attorneys' fees litigating a preference action. Further, the Debtor will receive money to assist with payment of administrative expenses, ordinary and necessary business expenses, and/or creditors. This Agreement benefits all Parties involved.

[1] *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990).

20. The Parties request that the Court grant this Motion and approve the Agreement between the Debtor and Fox.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) granting this motion; (b) approving the agreement between the Debtor and Fox; (c) authorizing the parties to take all steps necessary to effectuate the terms outlined in the Agreement; and (d) providing such further relief that the Court deems appropriate.

Dated: November 13, 2026

Respectfully submitted,

**Bruner Wright, P.A.**
*Counsel for the Debtor-In-Possession*
2868 Remington Green Circle
Tallahassee, FL 32308
Office: (850) 385-0342
Fax: (850) 270-2441

By: */s/ Byron Wright III*
Robert C. Bruner
Florida Bar No. 0065876
rbruner@brunerwright.com
Byron Wright III
Florida Bar No. 118971
twright@brunerwright.com
Samantha A. Kelley
Florida Bar No. 0115526
skelley@brunerwright.com

**CERTIFICATE OF SERVICE**

I, Byron Wright III, hereby certify that a true and accurate copy of the above document was served on the following in the manner stated below:

**Served by the Court via Notice of Electronic Filing (NEF):** I have confirmed that the foregoing document was served by the Court via NEF on November 13, 2026 to the following person(s) at the email address(es) noted herein:

Jason H. Egan on behalf of U.S. Trustee United States Trustee
jason.h.egan@usdoj.gov

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

Daniel Etlinger, Subchapter V Trustee
detlinger@underwoodmurray.com; detlinger@ecf.courtdrive.com; euzonwanne@underwoodmurray.com; jpatterson@underwoodmurray.com; vburbano@underwoodmurray.com

Niki M Sturm on behalf of Interested Party Fox Funding Group LLC
nsturm@kaminskilawpllc.com, jzinck@kaminskilawpllc.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

**Served by U.S. Mail:** The foregoing document was served by first class, postage prepaid, U.S. Mail on the parties listed on the attached mailing matrix.

Date: November 13, 2026

*/s/ Byron Wright III*
Byron Wright III